UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

CHARLES SILAS,

        Plaintiff,                         No. C 14-2686 PJH (PR)

  v.                                        **ORDER OF DISMISSAL**

KEVIN CHAPPLE,

        Defendant.
                                /

     Plaintiff, a state prisoner currently incarcerated at San Quentin State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**A.  Standard of Review**

     Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

     Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual

allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

In this action, plaintiff states that two doctors at High Desert State Prison, which is located in the Eastern District of California, failed to properly treat his Hepatitis C starting in 2003.

In *Silas v. Chappell*, No. C 12-3019 PJH, plaintiff brought an action regarding the treatment of his Hepatitis C, by simply stating that his condition was not being properly treated.  The complaint in that case was dismissed with leave to amend and it was described to plaintiff how he must provide more information and identify specific defendants in order to state a claim.  Plaintiff filed an amended complaint that only provided a little more information.  It also became apparent that plaintiff was describing events that occurred in 2002-2005 at High Desert State Prison in the Eastern District of California.  Court records also indicated that plaintiff had recently filed the exact same case and exhibits in the Eastern District of California.  *See Silas v. Chappell*, 13-cv-0010 DAD P.

2

This court dismissed and closed *Silas v. Chappell*, No. C 12-3019 PJH.  Plaintiff filed another similar case to the one mentioned above that was dismissed as duplicative, *Silas v. Chappell*, No. C 13-0630 PJH, and another case *Silas v. Chappell*, No. C 13-1913 PJH, that was also dismissed as duplicative.

As the defendants named in this action are the same named defendants in the Eastern District of California case and as both cases describe the same facts that occurred in that district, this case is dismissed as duplicative.  *See Adams v. Cal. Dept. of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007).

### CONCLUSION

1. The complaint is **DISMISSED** and this case is closed.

2. Plaintiff's motion for a response (Docket No. 7) is **DENIED**.

**IT IS SO ORDERED.**

Dated:  July 10, 2014.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.14\Silas2686.dsm.wpd